IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Millanyo Woody, #227810<br><br>　　　　　Petitioner,<br><br>v.<br><br>Warden Tucker,<br><br>　　　　　Respondent. | Case No.: 2:19-cv-00785-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the Fourth Circuit Court of Appeals order, ECF No. 49, remanding the case for the limited purpose of allowing this Court to rule on Petitioner's motion to reopen the appeal period. For the following reasons, Petitioner's motion to reopen the appeal period, ECF No. 36, is DENIED.

## APPLICABLE LAW

Federal Rule of Appellate Procedure 4(a)(6) provides:

> **(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

## DISCUSSION

The Court cannot grant Petitioner's motion to reopen the appeal period because the record fails to show, and Petitioner does not allege, that he did not receive notice of the entry of judgment or order he seeks to appeal within 21 days after entry. The Court granted Respondent's motion for summary judgment, ECF No. 29, and entered judgment in favor of Respondent, ECF No. 30, on June 19, 2020. The order granting summary judgment and entry of judgment were mailed to Petitioner's address on the same day. [ECF No. 31]. Petitioner did not notify the clerk of a change in his address after this date. In fact, Petitioner mailed multiple filings to the Court from this address after June 19, 2020. *See* [ECF Nos. 32, 33, 36]. The record indicates that Petitioner received notice of the entry of judgment and order he seeks to appeal within 21 days after entry.

Petitioner argues that "[t]he presiding Court failed to make known to [him] [his] right to appeal and/or waiver of the same." [ECF No. 36]. He also claims that due to the COVID-19 outbreak, he was not given "any proper notification of the exact dates when [he] was supposed to continue [his] appeal." *Id.* This is not a claim that Petitioner failed to receive notice of the entry of judgment or order he seeks to appeal within 21 days of entry. Instead, Petitioner claims the Court failed to inform him that he has a right to appeal the judgment and make him aware of the applicable deadlines. Petitioner's argument fails to allege the condition in Federal Rule of Appellate Procedure 4(a)(6)(A) is satisfied.

The Court finds that Petitioner cannot satisfy the condition in Fed. R. App. P. 4(a)(6)(A). The record shows that the order and judgment Petitioner seeks to appeal were timely mailed to Petitioner's proper address. Petitioner's motion fails to allege that he did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry. Accordingly, Petitioner's motion to reopen the appeal period, ECF No. 36, is DENIED. The Court further notes that the Fourth Circuit Court of Appeals

remanded this action for the limited purpose of allowing the district court to rule on Petitioner's motion to reopen the appeal period. [ECF No. 49]. This Court is therefore without jurisdiction to rule on Petitioner's motion to appoint counsel, ECF No. 32, and Petitioner's motion for bail, ECF No. 33. The motions are MOOT.

IT IS SO ORDERED.

April 28, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge